```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| BRANDON ROBERTS,<br>      Plaintiff,<br><br>      v.<br><br>FRANK B. BISHOP, et al.,<br>      Defendants. | CIVIL ACTION<br>NO. 20- 10992-WGY |
| BRANDON ROBERTS,<br>      Plaintiff,<br><br>      v.<br><br>FRANK B. BISHOP, et al.,<br>      Defendants. | CIVIL ACTION<br>NO. 20-10630-WGY |

YOUNG, D.J.                                              May 26, 2020

**MEMORANDUM AND ORDER**

Before the Court are two complaints filed by Brandon Roberts pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, the Court dismisses both actions without prejudice.

**I.  Relevant Background**

On March 27, 2020, Brandon Roberts, who is incarcerated at the North Branch Correctional Institution ("NBCI") in Cumberland, Maryland, filed a civil rights complaint accompanied by a motion for leave to proceed in forma pauperis.  See C. A. No. 20-10630-WGY  On May 22, 2020, Roberts filed a renewed complaint and motion.  See C.A. No. 20-10992-WGY.

Roberts represents that he is a Massachusetts state prisoner who is serving his sentence in Maryland pursuant to the Interstate Corrections Compact.  He brings suit against the Warden and Finance Clerk at NBCI alleging that the defendants unlawfully garnished funds from plaintiff's institutional prison account.

**II.  Discussion**

Under federal law, a civil action may be brought in a judicial district that falls into one of three categories: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the courts personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Venue is not proper here under any of these three categories. Plaintiff alleges the defendants are located in Maryland and that they allegedly garnished his prison account statement while in custody in Maryland.  For these reasons, because defendants are located in Maryland and plaintiff's claims took place in Maryland, 28 U.S.C. § 1391(b)(3) does not apply, because venue would be proper in the District of Maryland.  Where venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such

case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Because the defense of improper venue is 'obvious from the face of the complaint and no further factual record is required to be developed,' this action will be dismissed." Cox v. Rushie, No. 13-11308-PBS, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)).

Further, the Court lacks personal jurisdiction over the two defendants. Personal jurisdiction refers to a court's "power to require the parties to obey its [orders]." Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008) (quoting Daynard v. Ness, Motley, Lodaholt, Richardson, & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002)).

To establish personal jurisdiction "a defendant must have sufficient minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006)(internal quotations and citation omitted). The due process clause of the United States Constitution "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. V. Washington, 326 U.S. 310, 319 (1945)). Here, there is no suggestion of that the officials at NBCI have had any "meaningful contacts" with

Massachusetts.  In the absence of such "meaningful contacts," the Court lacks personal jurisdiction over the named defendants.

The Court concludes, from the face of the complaint, that venue is not proper in the District of Massachusetts and the Court is without personal jurisdiction over the defendants.

### **ORDER**

Accordingly, the Court hereby ORDERS:

1. These two actions are DISMISSED WITHOUT PREJUDICE for improper venue and lack of personal jurisdiction.

2. The Clerk shall enter separate orders of dismissal.

**SO ORDERED.**

 /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE